■ BETTY WHALEY, Respondent, v DONALD WHALEY, Appellant. [662 NYS2d 588] —In a matrimonial action in which the parties were divorced by judgment dated November 21, 1991, the defendant former husband appeals from (1) so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated July 30, 1996, as denied his cross motion for maintenance and for leave to enter a judgment against the plaintiff former wife in the principal sum of $20,000, (2) a judgment of the same court, entered September 5, 1996, which, upon the portion of the order dated July 30, 1996, granting that branch of the plaintiff former wife's motion which was for leave to enter a judgment in the sum of $21,224.33, is in favor of the plaintiff former wife and against the defendant former husband in the principal sum of $21,224.33, and (3) a judgment of the same court, also entered September 5, 1996, which, upon the portion of the order dated July 30, 1996, granting that branch of the plaintiff former wife's motion which was for leave to enter a judgment in the sum of $27,094.35, is in favor of the plaintiff former wife and against the defendant former husband in the principal sum of $27,094.35. The defendant former husband's notice of appeal from so much of the order dated July 30, 1996, as granted the plaintiff former wife's motion for leave to enter two judgments is deemed a premature notice of an appeal from the judgments (*see,* CPLR 5520 [c]).

Ordered that the order is affirmed insofar as appealed from and reviewed, without costs or disbursements; and it is further,

Ordered that the judgment in the principal sum of $21,224.33 is reversed, on the law, without costs or disbursements, so much of the order dated July 30, 1996, as granted that branch

of the plaintiff former wife's motion which was for leave to enter a judgment in that sum is vacated, and that branch of the plaintiff former wife's motion is denied; and it is further,

Ordered that the judgment in the principal sum of $27,094.35 is modified by deleting the provision thereof which awarded the plaintiff former wife $11,002.60 in alleged arrears for the college-related expenses of the parties' daughter; as so modified, the judgment is affirmed, without costs or disbursements, so much of the order dated July 30, 1996, as granted that branch of the plaintiff former wife's motion which was for leave to enter a judgment in the sum of $11,002.60 for alleged arrears in college expenses is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith; and it is further,

Ordered that pending the hearing and the entry of an amended judgment, so much of the judgment dated September 5, 1996, as awarded the plaintiff $11,002.60 in alleged arrears for the college-related expenses of the parties' daughter shall continue to stand as security, with execution thereof stayed.

The plaintiff former wife commenced this action to recover various arrears allegedly due from the defendant former husband pursuant to certain provisions of the parties' judgment of divorce.

The judgment awarded to the former wife in the principal sum of $21,224.33 must be reversed because (1) it provided for the double recovery of college loan payments that were awarded in the judgment for $27,094.35, and (2) it provided for the recovery of future college loan payments that are not yet due and owing. As to those future loan payments, should the former husband fail to pay his share of such future payments, the former wife may apply to the court to recover arrears (*see,* Domestic Relations Law § 244).

Further, so much of the judgment in the sum of $27,094.35 as awarded the former wife $11,002.60 for the former husband's share of the daughter's college expenses must also be reversed and the matter remitted to the Supreme Court for a hearing. The former husband's obligation to pay one-half of such expenses was conditioned on, *inter alia,* his approval of the college or university the daughter was to attend. Here, there is a question of fact as to whether such approval was obtained.

We have considered the former husband's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.